<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| LUIS VILLACORTA PERLERA, *Petitioner*, v. JOHN TSOUKARIS, et al., *Respondents*. | Civil Action No. 2:25-cv-17122-JKS **MEMORANDUM & ORDER** January 23, 2026 |

**SEMPER**, District Judge.

**THIS MATTER** comes before the Court upon the Petition for a Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241, which challenges the immigration detention of Petitioner Luis Villacorta Perlera ("Petitioner") and seeks his immediate release. On November 21, 2025, the Court entered a text order granting habeas relief and directing that Petitioner be released within twenty-four hours, with a supplemental opinion to follow. This Memorandum & Order provides the basis for that determination.

Petitioner is a native and citizen of El Salvador. He has lived in Massachusetts since entering the United States in 2007. (ECF No. 1 ¶ 18.) He is married to a United States citizen, has worked at the same restaurant for more than ten years, and has consistently filed and paid taxes. (*Id.*) He has never been arrested or charged with any crime, nor had he ever been detained by immigration officers prior to the instant detention. (*Id.* ¶ 19.)

On or about October 30, 2025, Petitioner was detained by ICE in or near Paterson, New Jersey and transported to Delaney Hall in Newark, New Jersey. (*Id.* ¶ 20.) Respondents have not

1

placed him in removal proceedings. (*Id.* ¶ 21.) Petitioner asserts that, absent removal proceedings, there is no statutory authority for his detention, and that if proceedings were commenced, he would be eligible to seek cancellation of removal under 8 U.S.C. § 1229b(b). (*Id.*)

The petition was filed on November 2, 2025. (ECF No. 1.) The Court issued an Order to Show Cause on November 6, 2025 which barred Petitioner's removal pending resolution of the habeas petition. (ECF No. 2.) Respondents then appeared through counsel (ECF No. 4) and requested a conference or extension of time (ECF No. 5). The Court conducted a video conference on November 18, 2025 and adjourned the deadlines set forth in the Order to Show Cause. (ECF No. 10.)

At the conference, Respondents confirmed that their position would rely on the statutory arguments previously advanced in similar matters involving detention under 8 U.S.C. § 1225(b)(2). Respondents do not dispute the core facts set forth in the petition: that Petitioner has resided in the United States for nearly two decades; that he has established deep community and family ties; that he has no criminal history; and that he was detained in the interior of the United States without any individualized custody determination. (ECF No. 1, ¶¶ 18–20.) They also do not contest that Petitioner remains outside formal removal proceedings. (*Id.* ¶ 21.)

These undisputed facts bring this matter within the analytical framework explained in *Contreras Maldonado v. Cabezas*, No. 25-13004, 2025 WL 2985256 (D.N.J. Oct. 23, 2025). There, this Court held that noncitizens with substantial, long-term residence in the United States who are arrested in the interior are not properly detained under § 1225(b)(2). *See id*. at *4. Instead, detention may occur only under 8 U.S.C. § 1226(a), which provides for an individualized custody determination. *Id.* The Court concluded that § 1225(b)(2)'s mandatory-detention provision does

2

not apply to individuals who are not "seeking admission," and that due process requires more than blanket reliance on that provision. *Id.* at *3.

Petitioner alleges a violation of § 1226(a) because no bond hearing has been provided or made available, and because immigration judges are currently constrained by *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025), which forecloses jurisdiction to conduct such hearings for individuals alleged to have entered without inspection. (ECF No. 1 ¶¶ 24, 26–29.) He also raises procedural and substantive due process claims under the Fifth Amendment and a Fourth Amendment challenge to the absence of any statutory basis for detention. (*Id.* ¶¶ 30–35.)

The Court need not address each claim individually. As in *Maldonado*, the determinative point is that Respondents' reliance on § 1225(b)(2) is legally untenable. Petitioner is not properly detained under that provision. And without a Notice to Appear or initiation of removal proceedings, the government has not identified any statutory basis—under § 1226(a) or otherwise—for Petitioner's continued detention. Detention in the absence of statutory authority is unlawful.

Once § 1225(b)(2) is removed from the equation, the remedy follows. Petitioner cannot be held under a provision that does not apply to him, and under these circumstances, release is required. This conclusion accords with the resolution of similar petitions in this District following *Maldonado*. Immediate release ensures compliance with the statutory framework and prevents the ongoing harm associated with detention that lacks individualized assessment or lawful basis.

Accordingly, the Court issued its November 21, 2025 text order granting the petition and permanently enjoining Respondents from rearresting or detaining Petitioner pursuant to § 1225(b)(2). This Memorandum & Order supplements that decision.

For the reasons stated above, and for good cause shown,

**IT IS** on this 23rd day of January, 2026,

**ORDERED** that Petitioner's Petition for a Writ of Habeas Corpus (ECF No. 1) is **GRANTED**; and it is further

**ORDERED** that Respondents shall release Petitioner from custody in accordance with the Court's November 21, 2025 text order; and it is further

**ORDERED** that Respondents are permanently enjoined from rearresting or detaining Petitioner under 8 U.S.C. § 1225(b)(2); and it is further

**ORDERED** that any pending motions are **TERMINATED** as moot; and it is finally

**ORDERED** that the Clerk shall close the file.

<i>/s/ Jamel K. Semper</i><br>
<b>Hon. Jamel K. Semper</b><br>
<b>United States District Judge</b>

Dated: January 23, 2026

Orig:   Clerk
cc:     Parties

4